Mary Bridget Schell, Appellant *v.* Eastern York
School District, Appellee.

Argued April 12, 1985, before Judges Doyle and
Barry, and Senior Judge Barbieri, sitting as a panel
of three.

*John Adam Matlawski,* with him, *Betty F. Perry*
and *Thomas W. Scott. Killian & Gephart,* for appel-
lant.

*Michael I. Levin, Cleckner and Fearen,* for appellee.

Opinion by Judge Doyle, October 21, 1985:

Mary Bridget Schell (Appellant) appeals from a decision of the Court of Common Pleas of York County which dismissed her complaint against the Appellee, Eastern York School District (School District).

Appellant is an elementary teacher in the School District. She was hired as a temporary professional employee in the fall of 1968 and was awarded tenure and permanent professional status in the fall of 1970. In the fall of 1979, having completed the required ten years of satisfactory service, Appellant applied for a one year sabbatical leave under Section 1166 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1166. Such sabbatical was approved by the School District, with the agreement that it was to be taken for the purpose of full-time travel during the second semester of the 1979-80 school year and the second semester of the 1980-81 school year. Regulations of the School District then in effect required submission of a detailed itinerary prior to approval of a sabbatical and substantiation that such itinerary had been followed upon the sabbatical's completion. Pursuant to Section 1169 of the School Code, 24 P.S. §11-1169, persons on sabbatical leave are paid one-half of their regular salary.

In February of 1980, shortly after Appellant had commenced her sabbatical, she was advised by her physician that she would need major surgery within the next few weeks. On March 29, 1980, she wrote a letter to the School District requesting that her sabbatical be changed to a sick leave for the time during which she would be incapacitated, an anticipated pe-

riod of between six and eight weeks. On April 11, 1980, the Superintendent of Schools wrote back to Appellant and informed her that the Board could not accede to her request. Appellant had accumulated sick leave of 104.5 days at this time.

Appellant filed a grievance pursuant to the collective bargaining agreement then in force between the School District and its professional employees. This grievance was denied, solely for the reason that the subject matter did not fall within the parameters of the collective bargaining agreement, and the arbitrator therefore lacked jurisdiction. Appellant then instituted an assumpsit action in the Court of Common Pleas of York County. In an initial non-jury decision, the court awarded Appellant $1,937.14, an amount equivalent to the difference between the one-half pay which she had already received as sabbatical leave compensation and the full pay to which the court determined she was entitled for forty-one days of sick leave, plus simple interest computed at six percent from June 9, 1981 to the date of the decision, June 6, 1983. Costs of the suit were imposed on the School District. On October 28, 1983, however, the School District's exceptions were granted and the trial court en banc vacated its earlier decision and dismissed the complaint.

In its first opinion, the trial court found as a fact that, due to the absolute necessity of a surgical operation which was urgent and could not be postponed, Appellant was unquestionably unable to comply with her sabbatical itinerary for a period of eight weeks following her entry into the hospital on April 14, 1980. This finding was specifically kept intact in the court's subsequent opinion, which was based solely on its conclusion that the previous opinion contained an erroneous interpretation of the law. Although the School

District does continue to contest the extent of Appellant's disability, we find substantial evidence in the record to support this finding of the trial court. Accordingly, only the legal issue remains before us.

Appellant relies primarily on the sick leave provisions contained in Section 1154 of the School Code, 24 P.S. §11-1154. Section 1154(a) provides, in pertinent part:

(a) In any school year whenever a professional or temporary employe is prevented by illness or accidental injury from following his or her occupation, the school district shall pay to said employe for each day of absence the full salary to which the employe may be entitled as if said employe were actually engaged in the performance of duty for a period of ten days. Any such unused leave shall be cumulative from year to year in the school district of current employment or its predecessors without limitation. All or any part of such accumulated unused leave may be taken with full pay in any one or more school years. No employe's salary shall be paid if the accidental injury is incurred while the employe is engaged in remunerative work unrelated to school duties.

Appellant argues that while she was on sabbatical leave, she was following her occupation just as much as though she were involved in full-time daily teaching activities. We agree. A sabbatical is not a vacation. While on sabbatical, Appellant was paid one-half of her regular salary and was required to report her activities to the School District.

Appellant also relies on an "opinion" of the Attorney General which purportedly supports her position. Such opinion is actually an advice memorandum, written by former Deputy Attorney General Warren G.

Morgan, which indicates that a teacher on sabbatical who becomes ill may *elect* to use either sick leave pay or sabbatical pay. This advice memorandum was relied upon by Appellant before the trial court and contributed to that court's original decision in Appellant's favor. Appellant, however, was apparently unable to produce a copy of it before the court en banc, and according to that court's opinion, admitted at that time that it did not exist. Nevertheless, she has renewed her reliance on it before this Court and has attached a copy of it to her brief, urging that we now take judicial notice of it.

Interestingly, the common pleas court sitting en banc, in reaching a decision in favor of the School District, indicated its reliance on a different opinion of the Attorney General issued August 17, 1970. This "opinion" turns out to be another advice memorandum from Deputy Attorney Warren G. Morgan which indicates that employees on sabbatical are not entitled *to accumulate* sick leave. The School District does not mention this particular memorandum in its brief, but it does refer us to two additional opinion letters written by former Assistant Attorney General Benjamin Frank in 1969, and to *Griffith v. Mifflinburg Area School District,* Teacher Tenure Appeal No. 7-78, all of which also indicate that sick pay may not *be accrued* during sabbatical leave.

At this point, we feel compelled to speak to the difference and caution against confusing opinion *letters,* or advice memoranda, with official *opinions* issued by the Office of the Attorney General. Official opinions, although not binding on this Court, will be considered by us as persuasive authority. Advice memoranda, on the other hand, have legal force only for a department, board, commission or officer re-

questing such memoranda.[1] They are persuasive in a court of law only insofar as they may constitute a convincing argument.

Nevertheless, in the present case, we are in substantial agreement with *all* of the advice in the letters considered. Teachers on sabbatical may not continue to accrue sick leave while on sabbatical, but they are entitled to be paid for what has already been accrued. As the trial court correctly pointed out, Section 1170 of the School Code, 24 P.S. §11-1170, which specifically enumerates those rights retained by employees on sabbatical leave, does not include the right to collect sick pay. We agree that because sick leave is not mentioned in Section 1170, it cannot continue to *accrue* during a sabbatical leave. That section, however, is not concerned with rights which have *already* accrued at the time a sabbatical is commenced. Since there is no provision of the School Code which specifically deals with such rights, we must assume that the usual provisions continue to apply.

The School District argues, however, that even if we do conclude that the sick leave provisions of Section 1154 are applicable to this situation, Appellant would still be entitled to only one-half of her usual salary. The School District submits that the phrase "the performance of duty," which appears in Section 1154, would in this case refer to Appellant's sabbatical itinerary, and that therefore sick pay would be payable only at the one-half salary to which Appellant would be entitled while following the itinerary. While we agree that this is not an illogical interpretation, we believe that a more logical interpretation requires examining the phrase referred to by the School Dis-

---

[1] Section 204(a)(1) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, 71 P.S. §732-204(a)(1).

trict in the context of the rest of the language chosen by the legislature in Section 1154(a), *i.e.* "the school district shall pay . . . the *full* salary to which the employe may be entitled as if such employe were actually engaged in the performance of duty. . . . *All or any part of such accumulated unused leave may be taken with full pay in any one or more school years."* (Emphasis added.) We see nothing in this section or in any other section of the School Code which would prohibit an employee who becomes ill during sabbatical leave to use sick days, which have *already* accumulated at full pay, while unable to perform sabbatical duties.

The School District indicates a concern that such interpretation will result in an abuse of sick leave privileges. We do not think this concern is justified. Section 1154(a) was designed to prevent such abuse by permitting the School District to require certification of an employee's illness from a health practitioner.

For the reasons stated above, we conclude that the original decision of the common pleas court was correct and that the court erred in subsequently vacating that decision. The order appealed from therefore must be reversed.

### ORDER

Now, October 21, 1985, the opinion and order of the Court of Common Pleas of York County, Pennsylvania, No. 81-S-1156, dated October 23, 1983, is hereby reversed. The non-jury decision in the same matter, filed June 6, 1983, is hereby reinstated and the case is remanded to the Court of Common Pleas for the entry of an appropriate order which would include interest from June 9, 1980.