529 A.2d 71

Judith R. Grim, Petitioner *v.* West Chester Area School District, Respondent.

84

Argued February 24, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Leonard V. Tenaglia,* with him, *Lyn B. Schoenfeld, Richard, DiSanti, Hamilton, Gallagher and Paul,* for petitioner.

*Susan J. Craig,* with her, *Ross A. Unruh, Randall C. Schauer* and *Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for respondent.

OPINION BY JUDGE PALLADINO, July 29, 1987:

Judith R. Grim (Petitioner) appeals from an order of the Secretary of Education holding that she was only entitled to one sick leave day for the 1983-84 school year because she voluntarily chose not to work after her childbearing disability ended. We affirm.

Petitioner is a professional employee of the West Chester Area School District. She became pregnant during the 1982-83 school year. At the end of that year she had accumulated eight sick leave days. On August 21, 1983, she delivered her child. Her doctor certified her as disabled due to pregnancy until October 3, 1983. At the end of her pregnancy disability, Petitioner made a voluntary decision to take the remainder of the 1983-84 school year as a childrearing leave.

The school district paid Petitioner, during her pregnancy disability, for the eight sick leave days she had accumulated at the end of the 1982-83 school year, but refused to credit and pay her for any sick leave days for the 1983-84 school year. The school district's sick leave policy prorated the 10 annual sick leave days required by section 1154 of the School Code of 1949 (School Code)[1] over the 10 month school term (September through June). Teachers were credited one day per month if they were working or prevented from working by an involuntary disability.

Petitioner appealed the school district's decision not to credit and pay her for any 1983-84 sick leave to the Secretary of Education. The Secretary determined that since Petitioner's pregnancy was an involuntary disability, she was entitled to accrue credit, and to be paid, for one sick leave day for the month of September in the 1983-84 school year. Petitioner was determined not to

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1154.

be entitled to the remaining 9 sick leave days for the 1983-84 school year because she voluntarily chose not to return to work during the school year after her disability ended on October 3, 1983.

On appeal to this court, Petitioner contends that the 10 annual sick leave days provided by section 1154(a) must accrue and be credited to eligible teachers on the first day of the school year. Our scope of review is limited to determining whether substantial evidence exists to support the necessary findings of fact, whether an error of law has been made or whether there has been a violation of constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. There is no dispute as to the facts in this case and no allegation of a violation of constitutional rights. The only issue before us is whether the Secretary's interpretation of section 1154 is legally correct. Section 1154(a) provides, in pertinent part:

> In any school year whenever a professional or temporary professional employe is prevented by illness or accidental injury from following his or her occupation, the school district shall pay to said employe for each day of absence the full salary to which the employe may be entitled as if said employe were actually engaged in the performance of duty for a period of ten days. Any such unused leave shall be cumulative from year to year in the school district of current employment or its predecessors without limitation. All or any part of such accumulated unused leave may be taken with full pay in any one or more school years. No employe's salary shall be paid if the accidental injury is incurred while the employe is engaged in remunerative work unrelated to school duties.

In 1979, the Secretary of Education concluded that a condition of eligibility to accrue sick leave was that the

teacher work a normal year of service, if able to do so. *Raybuck v. Dubois Area School District,* Sick Leave Appeal No. 22-78. In applying this decision, the determinative issue is whether the teacher is absent because of involuntary disability or voluntary choice. This interpretation is consistent with the language of section 1154(a) that a teacher will be paid sick leave when "prevented by illness or accidental injury from following his or her occupation." Petitioner does not argue that she would be entitled to accrue sick leave for 1983-84 if her pregnancy had ceased and she had chosen to take a childrearing leave prior to the beginning of the 1983-84 school year. She asserts that because she was eligible to accrue sick leave on the first day of the 1983-84 school year, the school district was required to credit and allow her to use all 10 sick leave days for 1983-84.

The Secretary determined that section 1154(c) did not require the 10 annual sick leave days to be credited to eligible teachers on the first day of the school year. The school district's proration policy was held to be reasonable, rational and not inconsistent with the School Code. The Secretary concluded that Petitioner, because she was involuntarily disabled by her pregnancy during the first month of the school term, had accrued 1 sick leave day during the 1983-84 school year. However, since Petitioner voluntarily chose not to return to work when her disability ended on October 3, she was not entitled to accrue the 9 sick leave days for October through June of the 1983-84 school year. The issue which we, therefore, must address is whether section 1154(a) mandates entitlement to the 10 annual sick leave days at the beginning of the school year.

Petitioner relies on a 1959 Attorney General's opinion issued in response to the query from the Superintendent of Public Instruction asking: "[W]hat consequences flow from a situation in which a teacher in

the first year of service is absent by reason of illness or accidental injury for 10 days at the beginning of the school year?" Official Opinion No. 187, 18 Pa. D. & C. 2d 418, 420 (1959). The Attorney General answered:

> [T]he manner in which section 1154(a) is worded clearly evidences an intent to make available 10 days sick leave with full salary at any time during the school year, even though illness or accidential injury may befall a novice teacher during the first 10 days of the school year. Administratively, this interpretation means that each teacher should be credited with 10 days at the beginning of each school year, and deductions for sick leave taken thereafter should be made from the total amount accumulated.

*Id.* Official opinions issued by the Attorney General will be considered as authority but they are not binding on this court. *Schell v. Eastern York School District,* 92 Pa. Commonwealth Ct. 333, 500 A.2d 896 (1985), *aff'd* Pa.    , 527 A.2d 532 (1987). We believe that the interpretation of the Attorney General is too strict and not required by the language of section 1154(a).

Initially, we note that the Attorney General was not asked about entitlement to annual sick leave when the teacher who was involuntarily disabled at the beginning of the school term chooses not to return to work after the disability ended. Secondly, section 1154(a) only requires that "in any school year" if the teacher is involuntarily disabled "the school district shall pay . . . for a period of ten days." There is no language in section 1154 on directing these 10 sick leave days to be credited absolutely to a teacher on the first day of the school year. The section states that any unused leave is cumulative. This as easily supports an interpretation that unused sick leave days for that year be added to accumu-

lated sick leave *at the end of the school year* as it does adding the 10 days at the beginning of the school year. We also note that section 1154(e) provides, in part, that "[a]ny board of school directors may adopt rules and regulations *pertaining to the payment of salaries of employes when absent from duty, . . .*"[2] (Emphasis added). The school district here has done no more than that with its proration policy for sick leave accrual.

Additionally, unconditional entitlement to annual sick leave conflicts with this court's decision in *Schell*. In that case, we held that teachers may not accrue annual sick leave while on sabbatical leave because section 1170 of the School Code[3] does not indicate that right is retained. Section 1166 of the School Code allows teachers to take sabbaticals a half year at a time.[4] If Petitioner's theory were the proper interpretation of section 1154(a), a teacher who took only the first half of a school year as a sabbatical would accrue no sick leave while one who took the second semester would accrue all 10 days.

---

[2] Petitioner, in arguing that Section 1154(e) does no more than expand a district's authority to extend paid and unpaid leaves of absences, conveniently leaves out the comma separating the portion of the *sentence* quoted in the body of this opinion and the remainder of the *sentence*. Petitioners brief at 15. The entire sentence reads:

> Any board of school directors may adopt rules or regulations pertaining to the payment of salaries of employes when absent from duty, extending the period of leave with or without pay in excess of that herein provided, or authorizing leaves with pay for other purposes. (Emphasis added.)

[3] 24 P.S. §1170. This section sets out the rights retained by employees while on sabbatical.

[4] 24 P.S. §1166. This section details the requirements to qualify for a sabbatical and the terms under which it may be granted.

We conclude that there is no provision in the School Code requiring the 10 annual sick leave days, provided for by section 1154(a), to be credited to eligible employees on the first day of the school year. Teachers who voluntarily choose not to return to work after an involuntary disability has ended are not entitled to accrue sick leave for that portion of the school year in which they are voluntarily absent from work.

Accordingly, the order of the Secretary of Education is affirmed.

## ORDER

AND NOW, July 29, 1987, the order of the Secretary of Education in the above-captioned case is affirmed.